**ALD-263**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1508
_____

ANTHONY L. VIOLA,
                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00250)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2020

Before: MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: October 15, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Anthony Viola, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his petition under 28 U.S.C. § 2241. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

Viola filed a § 2241 petition while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. The District Court dismissed the petition as an improper use of the writ of habeas corpus because it alleged various civil rights violations relating to the conditions of Viola's confinement during his previous incarceration at Federal Correctional Institution McKean ("FCI McKean"). See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."). Specifically, Viola claimed: (1) that a prison staff member destroyed his legal materials; (2) that he was held in administrative detention for over two months without due process; (3) that prison staff interfered with his access to the courts; (4) that, while in administrative detention, he was denied access to Catholic services, his personal property, and outdoor recreation; and (5) that prison staff tampered with his mail.

A certificate of appealability is not required for a federal prisoner to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.

2

2009). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).[1] Our review of the District Court's decision to dismiss Viola's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Viola's claims are not cognizable in a § 2241 petition. In determining whether jurisdiction lies in habeas, we look to whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010). None of Viola's claims relate to the fact or duration of his sentence. Although Viola asserted his actual innocence and named various constitutional defects in his conviction in the supporting documents attached to his petition, see Statement of Facts, ECF No. 1-1 at 1-4, his filings make clear that his petition sought to challenge the conditions of his confinement (including specific occurrences) at FCI McKean, not whether his conviction was valid. See, e.g., § 2241 Pet., ECF No. 1 at 5; Mem. of Law, ECF No. 1-1 at 7.

Nor does Viola challenge what the case law describes as "the execution" of a sentence—or how federal officials effectuate, or carry out, the sentence imposed by a judge. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241–44 (3d Cir. 2005). In Woodall, we concluded that a prisoner challenging a Bureau of Prisons regulation that limited placement in a Community Corrections Center was appropriately

---

[1] Even though the District Court dismissed Viola's petition without prejudice, we have jurisdiction over this appeal because Viola cannot amend his § 2241 petition to correct the identified deficiency. Rather, he would have to pursue his claims through a different cause of action—a civil rights action. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976).

using § 2241 to attack the execution of his sentence. Id. at 243–44. We noted that "[c]arrying out a sentence through detention in [such a facility was] very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Notably, we determined that Woodall sought something well "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. However, Viola's claims are, at best, "garden variety" challenges to happenings at FCI McKean, not challenges to the manner in which the Bureau of Prisons was effectuating his very sentence. Viola's claims are, therefore, outside the scope of § 2241. See id.

Finally, we are unpersuaded by Viola's arguments on appeal, which focus on the purported merit of his prison grievances, rather than on the District Court's determination that § 2241 was not the appropriate vehicle for his claims. See Appellant's Br. at 4. Accordingly, we conclude that the District Court correctly dismissed Viola's § 2241 petition without prejudice to the filing of an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We will affirm the judgment of the District Court. Viola's Motion to Take Judicial Notice is denied. See Werner v. Werner, 267 F.3d 288, 294–95 (3d Cir. 2001).

4